UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

LOWELL H. KYLE, SR., )
COLTON DRAKE CLINGAN, )
LARRY LELAND FOWLER, )
MICHAEL JONES, )
KENDRELL GOODWIN, )
ANDRE COLLIER, )
ARNELLUS JACKSON, )
JADAVIONE DANZY, *and* )
KEENEN COOLEY, )
)
*Plaintiffs*, )
)
v. ) Case No. 1:23-CV-171-CLC-SKL
)
HAMILTON COUNTY SHERIFF )
AUSTIN GARRETT, )
)
Defendant.[1] )

## MEMORANDUM & ORDER

Plaintiff Lowell H. Kyle, Sr., filed a class action "Complaint for Violation of Civil Rights[,] 42 U.S.C. Section 1983" on behalf of himself and eight other inmates housed in the Silverdale Detention Center, which is run by Hamilton County Sheriff Austin Garrett [Doc. 2]. On July 20, 2023, the Clerk issued a Notice providing Plaintiffs with twenty days to pay the filing fee or submit the appropriate documents to proceed *in forma pauperis* [Doc. 1]. That deadline has passed, and only Plaintiffs Goodwin and Kyle have submitted motions for leave to proceed *in forma pauperis* [*See* Docs. 10, 11]. For the reasons set forth below, the Court will deny Plaintiffs class action status, disallow permissive joinder of Plaintiffs, allow Plaintiff Kyle an opportunity to cure the

---

[1] Plaintiffs do not name a defendant in the caption of their Complaint, but they do name Hamilton County Sheriff Austin Garrett as the person ultimately responsible for the wrongdoings alleged in the Complaint [*See* Doc. 2 at 7]. Thus, the Clerk is **DIRECTED** to add Hamilton County Sheriff Austin Garrett as Defendant in this action.

deficiencies in his *in forma pauperis* application, and dismiss the remaining Plaintiffs without prejudice.

## I. CLASS ACTION STATUS

Plaintiffs purport to file their Complaint as a class action [Doc. 2 at 8]. The Court construes this as a request for class certification. *See* Fed. R. Civ. P. 23(c)(1). For a case to proceed as a class action, several requirements must be met, including that "representative parties will fairly and adequately protect the interests" of any class that may be certified. *See* Fed. R. Civ. P. 23(a)(4). However, Plaintiffs are prisoners proceeding *pro se*, and the Sixth Circuit has long held that *pro se* inmates are "not able adequately to represent the proposed class." *Heard v. Caruso*, 351 F. App'x 1, 12 (6th Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.")). Accordingly, the Court **DENIES** Plaintiffs' request for class certification.

## II. JOINDER DISALLOWED

The Court next considers whether Plaintiffs may proceed jointly. Rule 20(a)(1) of the Federal Rules of Civil Procedure allows the permissive joinder of plaintiffs in a single action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). The joinder of parties is "strongly encouraged" for purposes of judicial economy and fairness where it is appropriate. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). There are, however, significant practical problems with allowing multiple-plaintiff prisoner litigation.

2

*Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. Sept. 20, 2009). Such problems include the "need for each plaintiff to sign every pleading," the fact that prisoner litigants are "notably transitory," the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)," and the fact that multiple-plaintiff litigation "often results in pleadings being filed on behalf of plaintiffs without their consent." *Id.* (citations omitted). These unique factors in prisoner cases "make joint litigation exceptionally difficult." *Id.*

In fact, some of these precise challenges have manifested already in this case. For instance, only Plaintiff Kyle signed the Complaint [Doc. 2 at 12]. Therefore, the Court cannot be sure that all the Plaintiffs consent to being a party in this case. *See* Fed. R. Civ. P. 11(a) (requiring every pleading to be signed by a party personally if the party is unrepresented). And Plaintiffs Kyle and Goodwin are no longer housed in the Silverdale Detention Center [Doc. 9 at 1; Doc. 10 at 1], and therefore, their interests have diverged from the remaining Plaintiffs. Accordingly, the Court finds the practical problems of multiple-plaintiff litigation counsel against the permissive joinder of Plaintiffs in this action.

Although the Court may sever Plaintiffs from this case and allow them to each proceed separately, *see* Fed. R. Civ. P. 21, the Court has concerns about doing so *sua sponte*. First, only Plaintiffs Kyle and Goodwin filed motions to proceed *in forma pauperis* in response to the Clerk's notice. Second, as previously noted, only Plaintiff Kyle signed the Complaint, and the Complaint appears written in his hand only [Doc. 2 at 12]. Because no other Plaintiff signed the Complaint or contributed to its contents, the Court declines to find that any Plaintiff other than Plaintiff Kyle initiated a civil action. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court"). Therefore, because of the uncertainty as to which Plaintiffs desire to pursue this

3

litigation and the need for each Plaintiff to personally sign his own pleadings, the Court **ORDERS** that Plaintiffs Colton Clingan, Larry Fowler, Michael Jones, Kendrell Goodwin, Andre Collier, Arnellus Jackson, JaDavione Danzy, and Keenan Cooley be **DISMISSED** from this action without prejudice. Plaintiff Goodwin's motion to proceed *in forma pauperis* [Doc. 10] is **DISMISSED** without prejudice.

If any of these dismissed Plaintiffs desire to proceed in a separate § 1983 action, he must file (1) a § 1983 complaint, signed personally, containing a short and plain statement of his claims, and (2) either pay the filing fee or file a proper application to proceed *in forma pauperis*.[2] The Court **DIRECTS** the Clerk to send Plaintiffs Clingan, Fowler, Jones, Goodwin, Collier, Jackson, Danzy, and Cooley a § 1983 form and the proper documents to seek leave to proceed *in forma pauperis*. **However, each Plaintiff dismissed by this Order should return these documents to the Court only if he wishes to initiate an individual § 1983 action.**

### III. PLAINTIFF KYLE

Plaintiff Kyle has clearly indicated his desire to initiate this civil action given he submitted a personally signed Complaint and submitted a motion to proceed *in forma pauperis* [Docs. 2, 11]. However, under the Prison Litigation Reform Act of 1995, a prisoner who files a complaint in a district court must tender the full filing fee *or* he must file (1) an application to proceed *in forma pauperis* without prepayment of fees *and* (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2).

---

[2] Under the Prison Litigation Reform Act of 1995, a prisoner who files a complaint in a district court must tender the full filing fee **or** he must file (1) an application to proceed *in forma pauperis* without prepayment of fees **and** (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2) (emphasis added).

Plaintiff Kyle has not paid the $402.00 filing fee, nor has he submitted the proper documents to proceed *in forma pauperis*. Specifically, Plaintiff Kyle has not filed a certified copy of his inmate trust account for the previous six-month period or its institutional equivalent. Therefore, the Court cannot currently determine whether Plaintiff Kyle is entitled to pauper status, which would permit him to pay the filing fee through installments. *See* § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.").

Therefore, the Court **DIRECTS** the Clerk to mail Plaintiff Kyle an inmate account form. The Court **ORDERS** Plaintiff Kyle to present this form to the custodian of inmate accounts, who is **DIRECTED** to make a copy of Plaintiff Kyle's inmate trust account statement, to complete and sign the certificate, and to provide him with the certified copy of his inmate trust account statement for the six-month period preceding Plaintiff Kyle's Complaint.

Plaintiff Kyle shall have thirty (30) days from the date of entry of this Order to pay the full filing fee or to submit the necessary documents. The Court **NOTIFIES** Plaintiff Kyle that if he fails to fully timely comply with this Order, the Court shall presume that he is not a pauper, shall assess the full amount of fees, and shall order the case dismissed for want of prosecution.

Further, the Court **NOTIFIES** Plaintiff Kyle that the Court **WILL NOT** consider any amendments and/or supplements to the Complaint or any other kind of motion for relief until after the Court has screened the Complaint pursuant to the Prison Litigation Reform Act, *see, e.g.*, 28 §§ 1915(e)(2)(B) and 1915A, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to amend or supplement the Complaint and/or motions filed before the Court has completed this screening.

Finally, the Court **ORDERS** Plaintiff Kyle to inform the Court and Defendant immediately in writing of any address changes. Pursuant to Local Rule 83.13, it is the duty of a *pro se* party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**

/s/ _____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**